IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CLINTON B.,  §  <br> §  <br> Plaintiff,  § <br> § <br> V.  § <br> § <br> ANDREW SAUL, Commissioner of  § <br> Social Security,  § <br> § <br> Defendant.  § | No. 3:18-cv-932-C-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision should be reversed.

**Background**

Plaintiff alleges that he is disabled as a result of back pain due to a car accident, chronic obstructive pulmonary disease, hypertension, and anxiety. After his applications for supplemental security income ("SSI") benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on July 23, 2015. *See* Dkt. No. 11 (Administrative Record [Tr."]) at 107-156. At the time of the hearing, Plaintiff was 53 years old. He is a high school graduate and has past work experience as a sandblaster. Plaintiff has not engaged in substantial gainful activity since August 31, 2014.

The ALJ found that Plaintiff was not disabled and therefore not entitled to SSI benefits. *See id.* at 92-103. Although the medical evidence established that Plaintiff suffered from major depressive disorder and personality disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to a limited range of work at all exertional levels, but could not return to his past relevant employment. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a garment sorter or marking clerk -- jobs that exist in significant numbers in the national economy.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

In a single ground for relief, Plaintiff contends that the residual functional capacity ("RFC") finding was not supported by substantial evidence because the ALJ failed to apply the 20 C.F.R. § 416.927(c) factors before rejecting Plaintiff's treating source opinion.

The undersigned concludes that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014);

*Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff argues that the ALJ rejected the Medical Assessment of Ability to Do Work-Related Activities (Mental) completed by his treating psychiatrist, Dr. Ikechukwu Ofomata, even though there is no controverting medical opinion in the record, and without conducting the necessary analysis under 20 C.F.R. § 416.927(c).

In the June 15, 2016 Medical Assessment, Dr. Ofomata found that Plaintiff had an extreme loss in the ability to maintain concentration for an extended period, maintain attention for an extended period, perform at a consistent pace without an

unreasonable number and length of rest periods, get along with co-workers or peers, respond appropriately to changes in a routine work setting, deal with normal work stress, and finish a normal work week without interruption from psychologically based symptoms. Dr. Ofomata also determined that Plaintiff had a substantial loss in his ability to maintain regular attendance and be punctual within customary tolerance, act appropriately with the general public, make simple work related decisions, accept instructions and respond appropriately to criticism from supervisors, and not behave in an emotionally stable manner. Dr. Ofomata further concluded that Plaintiff could be expected to miss more than four days of work per month. *See* Tr. at 864-67.

Without applying the Section 416.927(c) factors, the ALJ explained that, in making the RFC determination, the ALJ gave Dr. Ofomata's assessment and opinion "little weight" because the evidence provided by Dr. Ofomata was inconsistent with the statements in his medical records, including recent reports by Plaintiff that he was doing better on his current medications and records showing that Plaintiff's mental status examinations were unremarkable and because Plaintiff reported the ability to perform activities of daily living. *See id.* at 101.

The ALJ then found that Plaintiff could perform the full range of work at all exertional levels but imposed non-exertional limitations. Specifically, the ALJ found that Plaintiff should avoid exposure to hazards such as dangerous, moving machinery and unprotected heights and that Plaintiff should be restricted to jobs that are in a low stress environment that require only occasional decision making and occasional adaptation to workplace changes. The ALJ also found that Plaintiff cannot perform

work that requires fast-paced production, Plaintiff should have only occasional contact with coworkers and supervisors, and his contact with the public should be incidental to the work being performed. *See* Tr. at 97.

In *Newton v. Apfel*, the United State Court of Appeals for the Fifth Circuit found that "an ALJ is required to consider each of the § [416.927(c)] factors before declining to give any weight to the opinions of the claimant's treating specialist." *See* 209 F.3d 448, 456 (5th Cir. 2000) (making this point in the context of 20 C.F.R. § 404.1527(c), an equivalent to 20 C.F.R. § 416.927(c)). These factors include: "(1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician." *Id.*; 20 C.F.R. § 416.927(c). The Court of Appeals has since explained that "[t]he *Newton* court limited its holdings to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F.App'x 461, 467 (5th Cir. 2009); *accord Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017).

As a result, when there are competing opinions of treating or examining physicians, the ALJ does not need to consider each Section 416.927(c) factor when declining to defer to the treating physician's opinion. *See Qualls,* 339 F. App'x at 465; *see also Kneeland*, 850 F.3d at 760 ("'[a]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may

reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in [20 C.F.R. § 416.927(c)(2)]") (quoting *Newton*, 209 F.3d at 453) (emphasis in both opinions).

The Commissioner argues that the ALJ was not required to conduct an analysis of the factors set forth in 20 C.F.R. § 416.927 because the record does not reflect that Dr. Ofomata treated Plaintiff; the Medical Assessment is not a medical opinion as defined by 20 C.F.R. § 416.927(a)(2) because it is a "check-box" form that does not address the severity of Plaintiff's impairment, symptoms, or prognosis; the ALJ "relied on" the 20 C.F.R. §416.927(c)(2) factors in assessing Dr. Omofata's opinion; and the ALJ's decision is supported by substantial evidence.

As Plaintiff responds, the ALJ did not reject Dr. Ofomata's Medical Assessment on any of those grounds. Rather, the ALJ stated that he gave Dr. Ofomata's opinion little weight because of inconsistencies between the opinion and Dr. Ofomat's medical records and because of other records concerning Plaintiff's ability to perform activities of daily living. *See* Tr. at 101. "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton*, 209 F.3d at 455 (citing *Knipe v. Heckler*, 755 F.2d 141, 149 n.16 (10th Cir. 1985); *Dong Sik Kwon v. I.N.S.*, 646 F.2d 909, 916 (5th Cir. 1981) ). "The Commissioner's post-hoc arguments cannot remedy the ALJ's failure to support his decision with substantial evidence." *Persley v. Commissioner*, No. 3:10-cv-1761-N (BF), 2011 WL 4058985, at *4 (N.D. Tex. Aug. 22, 2011) (citing *Newton*, 209 F.3d at 454).

The ALJ did not reject Dr. Ofomata's Medical Assessment on the basis that there was no evidence that he treated Plaintiff. And the record establishes that Dr. Ofomata was Plaintiff's attending physician. Plaintiff was under the care of Dr. Ofomata on March 9, 2015, and Dr. Ofomata is listed as Plaintiff's Supervising Psychiatric Doctor on the June 15, 2016 Medical Assessment of Ability to Do Work-Related Activities (Mental). *See* Tr. at 864, 865. In the Medical Assessment, Dr. Omofata's current primary diagnosis was major depressive disorder, recurrent episode, with psychotic features, and additional diagnosis was other specified personality disorder. *Id.* at 866. Dr. Ofomata was asked to "check all the clinical signs of mental illness this patient has manifested *during treatment* at your facility which contribute to your assessment of the severity of the patient's condition." *See id.* (emphasis added). Dr. Ofomata checked that Plaintiff exhibited the clinical signs of anhedonia, sleep disturbance, low energy, chronic depression, and anger outbursts. *See id.* The Medical Assessment also asked Dr. Ofomata whether "the patient [has] been limited to approximately the same extent you have indicated in your answers to this form since he/she *began treatment* at your facility?" to which Dr. Ofomata responded "yes." *See id.* at 867 (emphasis added). Accordingly, the Medical Assessment reflects that Dr. Omofata treated Plaintiff.

Contrary to the Commissioner's arguments, Dr. Ofomata's opinion constitutes a medical opinion within the meaning of the regulations. 20 C.F.R. § 416.927(a)(1) states: "Medical opinions are statements from acceptable medical sources that reflect

judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." Dr. Ofomata's opinion meets this definition as he states the severity of Plaintiff's major depressive disorder and his answers to the Medical Assessment address Plaintiff's symptoms and prognosis and opine on his work limitations.

The ALJ's stated reason for giving Dr. Omofata's opinion less than controlling weight is that he found Dr. Omofata's opinion to be inconsistent with statements in Dr. Omofata's medical records. But records from Dr. Omofata himself do not fall within the competing first-hand medical evidence exception noted in *Newton* even if they may appear inconsistent with opinions in the Medical Assessment. *See Howeth v. Colvin*, No. 12-cv-979-P, 2014 WL 696471, at *8 (N.D. Tex. Feb. 24, 2014); *cf. Osborn v. Berryhill*, No. 3:16-cv-44-B-BN, 2017 WL 2312910, at *4 (N.D. Tex. May 11, 2017) ("'[M]edical notes that do not give an opinion on Plaintiff's physical limitations in the workplace or what activities he would be able to perform do not controvert the opinion of Plaintiff's treating physician.'" (quoting *Wilkerson v. Berryhill*, No. 3:16-cv-851-BN, 2017 WL 109160, at *3 (N.D. Tex. March 23, 2017)). Likewise, neither Plaintiff's subjective, self-reported statements to Dr. Omofata that he was doing better on his current medication nor medical records noting Plaintiff's subjective statements about his ability to perform activities of daily living may serve as good cause for rejecting a

-10-

treating physician's opinion without applying the § 416.927(c) factors. *See Pena v. Colvin*, 3:12-cv-2631-L, 2013 WL 4525740, at \*7 (N.D. Tex. Aug. 7, 2013).

When records from the same treating physician appear inconsistent with other specifically stated opinions of that physician, the ALJ may deem the records inconclusive or otherwise inadequate to receive controlling weight. But, unless there is "other medical opinion evidence based on personal examination or treatment of the claimant," *Newto*n requires the ALJ to "seek clarification or additional evidence from the treating physician in accordance with [20 C.F.R. § 416.927(c)]." 209 F.3d at 453. The competing first-hand medical evidence exception to avoiding the detailed analysis of the six Section 416.927(c) factors does not contemplate using other evidence from the same physician. To the contrary, use of such evidence is fully anticipated within two of the six required factors – support for the physician's opinions in the medical evidence of record and consistency of the opinions with the record as a whole. *See Howeth*, 2014 WL 696471, at \*8.

The Commissioner also argues that the ALJ "relied on" the Section 416.927(c) factors even if he did not explicitly purport to consider them. *See* Dkt No. 17 at 5-6. Courts in this district do not always require the ALJ to discuss each of the Section 416.927(c) factors "if it is clear that the ALJ has nevertheless considered the factors and the ALJ's decision to afford limited weight to the treating physician constitutes 'good cause.'" *Gerkin v. Colvin*, No. 3:13-cv-1586-BN, 2014 WL 840039, at \*6 (N.D. Tex.

March 4, 2014) (citing *Brock v. Astrue*, No. 3:10-cv-1399-BD, 2011 WL 4348305, at *4 (N.D. Tex. Sept. 16, 2011)).

The undersigned acknowledges that the ALJ discusses facts that suggest that the ALJ might have considered each of the Section 416.927(c) factors. But it is not clear from the ALJ's opinion whether the ALJ truly considered them as part of the "detailed analysis" that Section 416.927(c) requires.

For example, the ALJ acknowledges that Dr. Omofata was Plaintiff's treating psychiatrist and that Plaintiff's primary health care provider was MetroCare Services, where Dr. Omofata worked. The ALJ notes that Plaintiff was treated at MetroCare on a monthly basis from April 14, 2015 to October 3, 2016 and references some of those examinations. *See* Tr. at 98-101. Thus, arguably, the ALJ may have considered the length of the treatment relationship, frequency of examination, and nature and extent of the treatment relationship. While it is conceivable that the ALJ considered this evidence more thoroughly than the decision suggests, the undersigned cannot assume that the ALJ fully considered the support both for and against Dr. Omofata's opinion or the consistency of Dr. Omofata's opinion with the record "as a whole." *See Jackson v. Colvin*, No. 4:16-cv-124-KPJ, 2017 WL 875835m at *8 (E.D. Tex. March 6, 2017) (finding that "[t]he ALJ did not adequately analyze the regulatory factors" because "several" were "considered ... in conclusory fashion").

The ALJ may elect to reject a treating physician's opinion for good cause. But, when she chooses to do so, she must articulate precisely why she has rejected this opinion. *See Kneeland*, 850 F.3d at 760-61 (requiring the ALJ to "on remand, upon

completing a holistic evaluation of Kneeland's impairments that takes into account the physical, cognitive, and psychological evidence and explaining what weight he affords the various medical opinions"). And the ALJ failed to do so here.

Because there is no controverting medical opinion as to Plaintiff's mental condition in the record, the ALJ was required to conduct an analysis of the factors set forth in 20 C.F.R. § 416.927 prior to rejecting Dr. Ofomata's opinion. The undersigned is unable to say that the ALJ would have come to the same conclusion had the ALJ conducted a detailed analysis of these factors. Because there is a realistic chance that the ALJ could have come to a different result, the ALJ's decision is not supported by substantial evidence. *See Newton*, 209 F.3d at 458. Therefore, the final decision of the Commissioner should be reversed, and this case should be remanded for further administrative proceedings. *See Gittens v. Astrue*, No. 3:04-cv-2363-L, 2008 WL 631215, at *5 (N.D. Tex. Feb. 29, 2008) ("The court [ ] finds that the ALJ had a duty to explain why these medical opinions from a treating physician were rejected and to conduct the analysis required by 20 C.F.R. § 404.1527[ (c) ].... Accordingly, the court rejects the magistrate judge's conclusion that remand is not warranted, reverses the final decision of the Commissioner denying disability benefits, and remands this case to the Commissioner for further proceedings consistent with this order.").

## Recommendation

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[1]

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 11, 2019

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

---

[1] By recommending remand of this case for further administrative proceedings, the undersigned does not suggest that Plaintiff is or should be found disabled.